NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL A. HARTSELL, | No. 19-55379 |
| Plaintiff-Appellee, | D.C. No. 3:16-cv-01094-LAB-LL |
| v. | |
| COUNTY OF SAN DIEGO; TRENTON STROH, San Diego County Deputy Sheriff, | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| DOES, 1-15, | |
| Defendant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief District Judge, Presiding

Submitted, Submission Deferred March 31, 2020**
Resubmitted April 21, 2020
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: MURGUIA and MILLER, Circuit Judges, and STEEH,[***] District Judge.

San Diego County Deputy Sheriff Trenton Stroh and the County of San Diego appeal from the district court's order denying in part their motion for summary judgment on the basis of qualified immunity in Michael Hartsell's 42 U.S.C. § 1983 action alleging excessive force. We review the denial of qualified immunity *de novo*. *Act Up!/Portland v. Bagley*, 988 F.2d 868, 871 (9th Cir. 1993). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We consider two questions to determine whether a government official is entitled to qualified immunity: (1) whether, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right"; and (2) if so, "whether the right was clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223, 236–42 (2009).

1.      Evaluating the force employed by Stroh against Hartsell through his police canine under the standards articulated in *Graham v. Connor*, 490 U.S. 386, 394–98 (1989), and *Miller v. Clark County*, 340 F.3d 959, 964 (9th Cir. 2003), we conclude that, viewing the evidence in the light most favorable to Hartsell, a reasonable factfinder could conclude that Stroh's continued use of force became

---

[***]      The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

objectively unreasonable when Hartsell complied with instructions to show his hands, emerged from the brush with the canine attached to his arm, and was within the deputies' control, if not sooner.

2.      Moreover, preexisting law gave Stroh fair warning that it would be unlawful to use a canine in a prolonged manner under circumstances such as those alleged by Hartsell.  In the particularized context of the use of police canines, we held more than twenty years ago that "it was clearly established that excessive duration of [a canine] bite [or] improper encouragement of a continuation of [an] attack by officers could constitute excessive force that would be a constitutional violation." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998); *see also Mendoza v. Block*, 27 F.3d 1357, 1362 (9th Cir. 1994) (citing, as an example of excessive force, "a deputy sic[cing] a canine on a handcuffed arrestee who has fully surrendered and is completely under control").

Accordingly, the district court properly denied qualified immunity in part.

**AFFIRMED.**[1]

---

[1] Defendants-Appellants' motion to dismiss the County of San Diego as a party to this appeal is granted (Doc. 34).